# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FAROUK O. MARTINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. |
| v. | ) | 14-11958-FDS |
| | ) | |
| CHARLES COOK, NANCY KEALEY, | ) | |
| ANTHONY ZANETTE, and | ) | |
| UMASS MEDICAL SCHOOL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON
## DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, J.**

This is a civil rights action alleging claims of unlawful discrimination and denial of due process arising out of the discharge of plaintiff Farouk O. Martins from employment at defendant University of Massachusetts (UMass) Medical School. Martins has filed a *pro se* complaint against his former employer and his supervisors.

On August 15, 2014, defendants Charles Cook and UMass Medical School filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), contending that the claims are barred by the doctrine of claim preclusion and time-barred by the statute of limitations. Cook and UMass also filed a motion for a permanent injunction to prevent plaintiff from filing any more actions relating to his claims in this one. Defendants Nancy Kealey and Anthony Zanette filed a motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). For the following reasons, the motions will be granted in part and denied in part.

## I. Background

### A. Factual Background

Unless otherwise noted, the facts are presented as stated in the complaint.

Farouk O. Martins is an African-American man who resides in Cambridge, Massachusetts. (Compl. ¶¶ 3, 15). Beginning in May 2000, Martins was employed as a Programs Manager by the Massachusetts Executive Office of Health and Human Services. (Compl. ¶ 16). Starting in 2001, Charles Cook served as the Director of Benefit Coordination and Recovery, and appeared to serve as a supervisor of sorts for Martins. (Compl. ¶ 7). Nancy Kealey was the Senior Manager, and Anthony Zanette was another supervisor. (Compl. ¶¶ 11-13).

The complaint alleges that Martins had a staff of ten people who worked on 800 cases. (Compl. ¶ 17). That caseload increased to 3,000, even as Martins' staff was reduced to five. (Compl. ¶ 17). According to the complaint, all of the managers working under Cook, with the exception of Martins, were transferred to UMass Medical School in 2002. (Compl. ¶18). In February 2004, Martins was transferred to UMass Medical School. (Compl. ¶ 19). At that time, he contends, he was "demoted" to Assistant Manager. (Compl. ¶ 19). In April 2004, he applied for the position of Associate Director; his application was rejected on the ground that the position was "rescinded." (Compl. ¶ 21). The position was subsequently given to Lynch, who had less experience. (Compl. ¶ 21). Three months later, on June 28, 2004, Martins was discharged. (Compl. ¶ 21).

### B.     Procedural Background

Martins filed suit against defendants in Suffolk Superior Court on February 15, 2006. (Mot. to Dismiss Ex. A; *Martins v. UMass Medical School*, Civ. Action No. 06-0628). The complaint in that action alleged wrongful termination, tortious interference with advantageous relationship, breach of the implied covenant of good faith and fair dealing, false representations, and defamation, all arising out of his demotion and termination from UMass Medical School. (Mem. Support Mot. Dismiss Ex. 1). In 2009, the Superior Court granted defendant's motion for summary judgment as to plaintiff's claims for defamation and misrepresentation. (*Id.* Ex. 2). The remaining claims were tried before a jury, which returned a verdict in favor of defendants. (*Id.* Ex. 3). On December 23, 2010, the Superior Court entered judgment on the jury verdict. (*Id.* Ex. 4). On February 28, 2011, the trial judge denied plaintiff's motions for judgment notwithstanding the verdict or a new trial. (*Id.* Ex. 6). The Massachusetts Appeals Court affirmed on December 4, 2012. (*Id.* Exs. 7-8). On February 4, 2013, the Supreme Judicial Court denied a petition by plaintiff for further leave to obtain appellate review. (*Id.* Ex. 10).

Plaintiff continued to pursue the original matter through a motion for finding of fraud upon the court. (*Id.* Ex. 11). On April 25, 2013, the Superior Court denied that motion. (*Id.* Ex. 14). On March 26, 2014, the Appeals Court upheld the Superior Court's ruling. (*Id.* Ex.16). On June 11, 2014, the Supreme Judicial Court denied a petition for further leave to obtain appellate review. (*Id.* Ex. 18).

On May 5, 2014, plaintiff filed the complaint in the present action. The complaint alleges discrimination and denial of due process arising from his demotion and termination. (Compl.). Plaintiff moved to add UMass Medical School as a defendant on June 16, 2014.

On August 15, 2014, defendants Charles Cook and UMass Medical School filed a motion to dismiss the complaint on the grounds that (1) claims are barred by the Eleventh Amendment, (2) the limitations period has expired, and (3) the doctrine of claim preclusion bars the entire suit. Cook and UMass Medical School also moved for a permanent injunction to enjoin plaintiff from filing any further pleadings arising out of his employment at UMass in 2004.

On November 4, 2014, plaintiff submitted an affidavit contending that service had been made on all defendants. On November 18, 2014, plaintiff purported to submit a return of service as to defendant Nancy Kealey. On November 25, 2014, defendants Kealey and Anthony Zanette objected to the purported service of plaintiff's complaint, contending that they have not been properly served. On November 26, 2014, the Court deemed that objection to be a motion to dismiss for improper service of process.

## II. Motion To Dismiss for Failure To State a Claim

### A. Legal Standard

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

4

(2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (alterations omitted) (internal quotation marks omitted).

    B.    <u>Analysis</u>

        1.    <u>Claim Preclusion</u>

Defendants contend that plaintiff's claims in this action are barred by the doctrine of claim preclusion, also known as *res judicata*. Under Massachusetts law, the doctrine of claim preclusion bars a party from bringing "an action based on the same claim that was the subject of an earlier action between the same parties or their privies." *Heacock v. Heacock*, 402 Mass. 21, 23 n.2 (1988). Claim preclusion "makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action. This is so even though the claimant is prepared in a second action to present different evidence or legal theories to support his claim, or seeks different remedies." *Id.* at 23 (citation omitted). Three elements are required for claim preclusion to apply: (1) identity of parties to the present and prior actions; (2) identity of the cause of action; and (3) a prior final judgment on the merits. *Kobrin v. Board of Registration in Med.*, 444 Mass. 837, 843 (2005)

In plaintiff's first suit, filed on February 15, 2006, he alleged discrimination, retaliation, wrongful demotion, and wrongful termination. His complaint alleged that but for UMass Medical School's actions, he "would have remained employed at University of Massachusetts until he retire[d] or might have taken an early retirement offer from the Commonwealth at 55 years of age in another three months . . . ." (Mem. Support Mot. Dismiss Ex. 1, ¶ 8).

5

The first element of claim preclusion is that there must be identical parties in the present and prior actions. Plaintiff filed both this action and the state court action, and defendants in both actions are also identical. The first element is therefore satisfied.

The second element of claim preclusion is that there must be identity of the causes of action. Massachusetts courts use a transactional approach to determine whether two causes of action are the same for the purpose of claim preclusion. *Saint Louis v. Baystate Med. Ctr., Inc.*, 30 Mass. App. Ct. 393, 399 (1991). "A claim is the same for [claim preclusion] purposes if it is derived from the same transaction or series of connected transactions." *Id.* Plaintiff relied primarily upon Mass. Gen. Laws. Ch. 151B in pursuing his state court action. Here, plaintiff is relying on federal law and the U.S. Constitution. However, both actions allege discrimination and wrongful termination based on "the same transaction or series of connected transactions." The second element is therefore satisfied.

Finally, for the doctrine of claim preclusion to apply, there must be a prior final judgment on the merits. In the prior state court proceeding, all of the claims were either dismissed at the summary judgment stage or tried to a jury. The jury returned a verdict in favor of defendants. The court entered judgment for defendants on December 23, 2010, and the Appeals Court affirmed this judgment. The Supreme Judicial Court denied plaintiff's petition for leave to obtain further appellate review. The final element is therefore satisfied.

Accordingly, the motion to dismiss will be granted on the ground of claim preclusion.

### 2. **Statute of Limitations**

In addition to claim preclusion, defendants contend that plaintiff's sections 1981 and 1983 claims in this action are barred because they have not been brought in a timely manner.

Because section 1983 contains no limitations period, federal courts borrow the relevant state-law statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985) (directing federal courts to look to state law for the relevant statute of limitations for §1983 claims); *McIntosh v. Antonino*, 71 F.3d 29, 34 (1st Cir. 1995). In Massachusetts, that period is three years. Mass. Gen. Laws. ch. 260 § 2A. The limitations period for plaintiff's section 1981 action is at most four years. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004).[1] Federal law determines when the accrual period begins. *McIntosh*, 71 F.3d at 34. "Under federal law, accrual starts when the plaintiff 'knows, or has reason to know, of the injury on which the action is based.'" *Id.* (quoting *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 353 (1st Cir. 1992)).

Here, the cause of action accrued approximately ten years before plaintiff filed this action. The complaint alleges that plaintiff was demoted to assistant manager upon his transfer to UMass in February 2004. By June 2004, when he had been terminated, he had already learned that other similarly situated managers had been treated differently. In addition, the complaint alleges that UMass discriminated against plaintiff when he was not hired for the position of Associate Director. Plaintiff was aware that he was not hired for that position, and that the position was given to another person, by the time of his termination in June 2004. Therefore, more than four years passed between the accrual of the action and the filing of this complaint, and the statute of limitations bars all of plaintiff's claims.

---

[1] Under *Jones*, 541 U.S. at 382, section 1981 actions that are based on the amendment contained in the Civil Rights Act of 1991 are governed by 28 U.S.C. § 1658, which provides a "catch-all" four-year limitations period for claims "arising under an Act of Congress enacted" after December 1, 1990. Defendants contend that a three-year limitations period applies in this case. However, it appears that at least some of plaintiff's claim for equal rights and race discrimination may arise under the amendment to section 1981.

Accordingly, the motion to dismiss will also be granted on the ground that the statute of limitations bars plaintiff's claims.

## III. Motion To Dismiss for Insufficient Service of Process

Before a federal court may exercise personal jurisdiction over a defendant, proper service of process must be effected. *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Fed. R. Civ. P. 4 sets forth the acceptable methods for service of process. Under Rule 4(e), there are four ways by which to serve an individual defendant within a federal judicial district: (1) by following the requirements of state law for serving a summons in actions brought in the courts of general jurisdiction in the state where the district court is located or where service is made (here, Massachusetts); (2) by delivering a copy of the summons and the complaint to the individual personally; (3) by leaving copies of those items at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) by delivering copies to an agent authorized by appointment or by law to receive service of process.

The Massachusetts rules for service are substantially similar to the federal rules. Service can be made upon an individual by "delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process . . . ." Mass. R. Civ. P. 4(d)(1).

Under the federal rules, service of process must take place within 120 days after the complaint is filed, or the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff

8

shows good cause, then "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The court, in its discretion, may also grant an extension of time even absent good cause. Fed. R. Civ. P. 4 advisory committee's note (1993).

When the sufficiency of process is challenged under Rule 12(b)(5), plaintiff bears "the burden of proving proper service." *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992). A return of service "generally serves as *prima facie* evidence that service was validly performed," but a defendant may adduce "rebuttal evidence to refute any presumption of valid service." *Blair v. City of Worcester*, 522 F.3d 105, 111-12 (1st Cir. 2008).

Here, defendants Kealey and Zanette contend that they have not been properly served. Plaintiff contends that attorney Jean Kelley is the legal representative of Kealey and Zanette, and that it was improper of Kelley to decline to accept service for them in this case. Plaintiff contends that he served all defendants by mailing service to Kelley, as evidenced by the return receipt from the U.S. Postal Service. He also appears to contend that he served Zanette in Chelmsford and Somerville and Kealey in Milton through "constables, certified mails, registered mails, and first class mails." (Pl.'s Opp. 2). Again, he relies on U.S. Postal Service tracking, a certified-mail receipt for Kealey, and certified-mail receipts for Kealey and Zanette.[2]

According to defendants, the address indicated in the summons is for the UMass General Counsel's Office. Not only did the General Counsel's office never receive a copy of the "summons," but attorney Kelley in the General Counsel's Office also advised plaintiff "that she was not authorized to accept service on behalf of either Kealey or Zanette, who are no longer employed by UMass." (Objection of Kealey and Zanette 2). Furthermore, "neither the federal

---

[2] Although the docket indicates that the summons was returned executed as to Kealey, defendants Kealey and Zanette subsequently objected to this docket entry.

9

rules nor the Massachusetts rules permit service of process by certified mail upon individual defendants residing within the Commonwealth." *Mukherjee v. Blake*, 2013 WL 2299521, at *3 (D. Mass. May 24, 2013). Therefore, plaintiff's attempted service on Kealey and Zanette by certified mail is deficient. The record does not indicate any attempt to make in-person service upon either Kealey or Zanette.

More than 120 days have passed since the complaint was filed on May 5, 2014, and summons was issued on July 8, 2014. Therefore, absent good cause shown, the complaint against Kealey and Zanette should be dismissed. In plaintiff's opposition to the objection to service, plaintiff appears to contend that he had some indication from the clerk's office that service through U.S. mail was acceptable. That contention is dubious and, even if true, it would not trump the federal rules of civil procedure.

Normally, to avoid any potential unfairness, the Court would permit plaintiff to have another 30 days to serve Kealey and Zanette. However, it is clear from the face of the complaint that the claims against both individuals are time-barred, and almost certainly subject to claim preclusion. Accordingly, the claims against Kealey and Zanette will be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

IV.     **Motion for Permanent Injunction**

UMass Medical School and Charles Cook have requested the Court issue an order enjoining plaintiff from filing any further pleadings in the United States District Court arising out of or related to his employment at UMass in 2004. A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. *Elbery v. Louison*, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing *Cok*

*v. Family Court of Rhode Island,* 985 F.2d 32, 34 (1st Cir. 1993)).[3] A court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. *See Chambers v. Nasco, Inc.,* 501 U.S. 32, 46-50 (1991); *accord United States v. Kouri-Perez*, 187 F.3d 1, 6-8 (1st Cir. 1999); *John's Insulation, Inc. v. L. Addison & Assocs.*, 156 F.3d 101, 109 (1st Cir. 1998) (district court did not abuse its discretion in ordering dismissal of complaint and default judgment as a sanction for plaintiff's protracted delay and repeated violation of court's order under inherent powers rather than Rule 41).

All of plaintiff's claims arise from his employment at UMass in 2004 and were the subject of previous litigation in state court. After a jury verdict in favor of defendants, plaintiff continued to pursue those claims through an appeal, petition for further appellate review, a motion for alleged fraud before the Superior Court, a second appeal, and a second petition for further appellate review. Defendants contend that they "are concerned that without an order form this court, [p]laintiff will attempt to repeat in this court what he has already done in the Superior Court." (Mem. in Support of Permanent Injunction 8). Plaintiff's assertion of repeated claim could constitute an abusive and vexatious litigation practice, potentially warranting the imposition of sanctions. However, rather than taking the step of enjoining plaintiff at this stage, the Court will issue the following warning: plaintiff is hereby warned that if he continues to file lawsuits related to his 2004 employment at UMass, he may be enjoined from filing any new or

---

[3] Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." *Local 285 Serv. Employees Int'l Union, AFL-CIO v. Nonotuck Res. Assoc., Inc.*, 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); accord *Alexander v. United States,* 121 F.3d 312, 315-16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist"). Vexatious conduct may be found even in the absence of subjective bad intent, *Local 285 Serv. Employees Int'l*, 64 F.3d at 737.

additional claims, cases, complaints, or other documents in this court, without first obtaining written approval from the Court. Continuing to file such lawsuits may result in other sanctions, including payment of attorneys' fees, expenses, and costs to the opposing party.[4]

## V. Conclusion

For the foregoing reasons:

    1.    Defendants' motion to dismiss for failure to state a claim is GRANTED.

    2.    Defendants' motion to dismiss for insufficient service of process is GRANTED.

    3.    Defendants' motion for permanent injunction is DENIED without prejudice to its renewal.

**So Ordered**

Dated: January 15, 2015

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

---

[4] Under Rule 11, the court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. *See* Fed. R. Civ. P. 11(b)(1)(2); *Eagle Eye Fishing Corp. v. Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) (*pro se* parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); *Pronav Charter II, Inc. v. Nolan*, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to pro se litigants). Rule 11 exists, in part, to protect defendants and the court from wasteful, frivolous, and harassing lawsuits, and provides for sanctions as a deterrent. *See Navarro–Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992).